J-S04017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    : PENNSYLVANIA
                                    :
              v.                      :
                                    :
                                    :
ALBERT SAWYER               :
                                    :
            Appellant         : No. 1122 MDA 2018

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004210-2014

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.: **FILED MARCH 07, 2019**

Albert Sawyer appeals *pro se* from the order entered June 27, 2018, in the Court of Common Pleas of Berks County, that dismissed as untimely his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Sawyer seeks relief from the judgment of sentence of five to 10 years' imprisonment, imposed after he pleaded *nolo contendere* to failure to comply with registration requirements, 18 Pa.C.S. § 4915.1(a)(2), pursuant to a negotiated plea agreement. Sawyer presents three issues: (1) Does applying 18 Pa.C.S. § 4915.1(a)(2) retroactively violate the Eighth Amendment of the United States Constitution and the Declaration of Independence, (2) Does applying 18 Pa.C.S. § 4915.1(a)(2) retroactively violate the Pennsylvania Constitution, Article 1, sections 13 and 17, and the Declaration of Independence's "Right to be free from the constraints of foreign laws," and (3) Did the trial court err in sentencing Sawyer for a felony minor

_____

\* Former Justice specially assigned to the Superior Court.

offense that violates both constitutions. **See** Sawyer's Brief, at 1-2. Based upon the following, we affirm.

The PCRA court summarized the background of this case, as follows:

On January 6, 2015, [Sawyer] entered into a *nolo contendere* plea agreement. [Sawyer] plead[ed] [*nolo contendere*] to one count of Failure to Comply with Registration Requirements.[1] This was charged as a felony of the second degree. In exchange for [Sawyer's] plea, the Commonwealth dismissed one count of Failure to Comply with Registration Requirements[2] that was charged as a felony of the first degree. [Sawyer] was sentenced to serve not less than five (5) years nor more than ten (10) years of incarceration in a state correctional facility, with credit given of one hundred and thirty-nine (139) days time served. [Sawyer] is a lifetime SORNA [Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.42] registrant, due to previous convictions of rape and attempted rape. There was no direct appeal taken.

[Sawyer] filed his first *pro se* PCRA petition on May 27, 2015. Counsel was appointed, and this Court dismissed the petition on January 15, 2016. [Sawyer] filed a second *pro se* motion, titled "Amended Petition for Post Conviction Collateral Relief" on March 22, 2018. This Court treated the motion as a second PCRA petition. [On June 6, 2018, Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition was issued.] This Court dismissed the petition on June 27, 2018.

_____

[1] 18 Pa.C.S.A. § 4915[.1](a)(2).

[2] 18 Pa.C.S.A. § 4915[.1](a)(3).

_____

On July 9, 2018, [Sawyer] filed a timely Notice of Appeal to the Superior Court. On July 16, 2018, [Sawyer] filed a Statement of Errors or Matters Complained of on Appeal, Pa.R.A.P. 1925(b) [without being ordered to do so by the PCRA Court].

PRCA Court Opinion, 9/6/2018, at 1.

The principles that guide our review are well settled. In reviewing an order denying PCRA relief, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). A PCRA petition, including a second or subsequent petition, must be filed within **one** year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." ***Id.***

In the instant case, Sawyer's judgment of sentence became final on February 5, 2015, after the expiration of the 30-day period for filing an appeal to this Court from the January 6, 2015 judgment of sentence. ***See*** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (providing thirty days to take an appeal). Therefore, the present petition, filed on March 22, 2018, is manifestly untimely, as it was filed more than three years after the judgment of sentence became final.

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the time-for-filing exceptions set

- 3 -

forth in Section 9545(b)(1). *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[1] Any petition invoking an exception must be filed within 60 days of when the claim could first be raised. 42 Pa.C.S. § 9545(b)(2).[2] It is important to point out that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

[2] Section 9545(b)(2) was recently amended so that a petitioner must file his petition asserting a timeliness exception within **one year** of the date he could have presented his claim. *See* Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective Dec. 24, 2018 ("The amendment of 42 Pa.C.S. § 9545(b)(2) shall apply to claims arising one year before the effective date of this section or thereafter.").

In the instant PCRA petition, Sawyer specially invoked the newly discovered fact exception, 42 Pa.C.S. § 9545(b)(1)(ii), based upon the Pennsylvania Supreme Court decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).  The PCRA court, in its Rule 907 notice, explained Sawyer's petition was untimely and that no statutory exception invoked or implicated in Sawyer's petition was satisfied.  The PCRA court, in its Pa.R.A.P. 1925(b) opinion, again determined Sawyer had not demonstrated how he was eligible for one of the PCRA's timeliness exceptions.  **See** Order and Notice of Intent to Dismiss, 6/6/2018; PCRA Court Opinion, 9/6/2018.

Here, however, Sawyer does not argue the applicability of any timing exception in his appellate brief.  Consequently, Sawyer has waived any claim that his petition satisfies an exception to the PCRA's timeliness requirements. **See Commonwealth v. Lewis**, 63 A.3d 1274, 1279 (Pa. Super. 2013) ("The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. Moreover, the Rules of Appellate Procedure require that an appellant properly develop his arguments on appeal.") (quotations and citations omitted).

In any event, while Sawyer asserted in his petition that his **Muniz** claim satisfies the newly discovered fact exception, 42 Pa.C.S. § 9545(b)(1)(ii), this argument fails as this Court has held that a new judicial opinion does not constitute an exception to the time bar under Section 9545(b)(1)(ii).  **See**

***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011); ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013).

Further, to the extent Sawyer's ***Muniz*** claim implicates the newly recognized constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii), Sawyer cannot rely on this exception because the Supreme Court of Pennsylvania has not issued a holding that ***Muniz*** applies retroactively where the petition is untimely. ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-406 (Pa. Super. 2018) ("Because Appellant's PCRA petition is untimely … he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception." (citations and footnote omitted).)

Therefore, even if Sawyer had preserved his timeliness argument, we would agree with the PCRA court's determination that the instant petition is untimely, that the petition does not satisfy any statutory exception, and that there is no jurisdiction for any court to review the petition.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/07/2019